# BELKNAP,

## JANUARY TERM, A. D. 1849.

---

### JONES *v.* PARKER.

In an action against one to charge him as a partner, notice to produce "all papers appertaining to the copartnership," calls for any "deed" he may have, making him a partner.

Where there are two parties having the same name and the same agent, evidence tending to show that one of them has ceased to do business, and that the other is in business, and has had transactions with the plaintiff which might have resulted in making him a creditor, is sufficient to warrant a verdict against the latter, on a mere question of identity.

ASSUMPSIT, on a promissory note of the following tenor : "April 7, 1840. For value received, The Avery Factory Company promise William Jones, to pay him, or order, one hundred and eight dollars and eighty-one cents, on demand, and interest. JOSIAH CROSBY, *Agent.*"

Benning Mugridge testified, among other things, that he was a member of the firm called The Avery Factory Company; that the defendant was also a member, at the time when the note was given; that there were no written articles of copartnership, and that each member had a deed of his share of the concern ; that Josiah Crosby was the agent of the firm at the date of the note, and that the defendant succeeded him as such agent, and received from him the books and papers belonging to the firm.

This evidence was objected to by the defendant, for the reason that there was a written conveyance to Parker of

his supposed share, and that it should have been produced. But the plaintiff had given notice to the defendant to produce at the trial all papers and books in his possession, appertaining to the copartnership, and none were produced, and the court overruled the objection.

It farther appeared that a corporation had been established by the name of " The Avery Factory Company," whose agent Crosby had also been, and that this corporation was likewise a member of the copartnership. But it did not appear that the corporation had done business separate from the copartnership for six or seven years prior to the date of the note, and it appeared that the plaintiff had performed some services for the firm.

Upon this evidence the court left it to the jury to say whether the note was that of the firm, or of the corporation; and the defendant excepted, contending that no competent evidence had been produced to authorize the jury to find that it was the note of the copartnership.

The verdict was for the plaintiff, and the defendant submitted a motion to set it aside, for the reasons stated.

*Bell*, for the defendant.

The partnership appears to have been created by deed; it could, therefore, be proved by the deed only. This was not done; for, admitting the notice to produce the deed was sufficient, the evidence did not show its contents. But the notice to produce papers appertaining to the copartnership did not call for the deed.

The note was on its face presumptively the note of the corporation. Admitting, however, its signature and form to have been ambiguous, the burden was on the plaintiff to show it to have been that of the partnership, which he has not done. Collyer on Part. 225; 5 Mason 176; 5 Pick. 11; 5 Pet. 529.

*Perley*, for the plaintiff.

Jones *v.* Parker.

GILCHRIST, C. J.   The account which the witness, Mugridge, gives of the copartnership, is not such as to induce the supposition that evidence of its terms or of its existence is to be found in the deed which is said to have been given to the defendant.   The deed is proved to have purported to be a conveyance to him of his share in the concern, and not to have contained any thing equivalent to articles of association, or any stipulations competent to constitute a copartnership.

If, however, a different inference must be drawn from the testimony of the witness, and it must be understood that the deed was of a nature and form to make the defendant a partner, then there must have been mutuality in its covenants or stipulations, and the paper itself must have been one " appertaining to the copartnership," and embraced in the terms of the notice that was given to produce such papers.   The evidence, therefore, in whichever of the two senses understood, carries with it enough to warrant its introduction, and was properly admitted.

In this case two parties had the same name ; and the burden was on the plaintiff, suing one of them, to show that the party sued was the one that made the contract. The only question is whether there was evidence sufficient to authorize the jury to find for the plaintiff on this point.

Of these two parties, one was in business, and the other was not in business.   The former was shown to have had transactions with the plaintiff that might well have resulted in making him a creditor.   Now, upon a question of identity, we cannot say that here was not evidence enough to put the burden upon the defendant.

We, therefore, are of the opinion that the verdict was sustained by competent evidence, and that there must be

*Judgment on the verdict.*